IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **GEORGE WAYNE PETERSON,** ] | |
| ] | |
| **Petitioner,** ] | |
| ] | |
| vs. ] | **CV-06-VEH-RRA-0428-NE** |
| ] | |
| **CAPTAIN KENT and** ] | |
| **JUDGE DON L. HARDEMAN,** ] | |
| ] | |
| **Respondents.** ] | |

## **MEMORANDUM OPINION**

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama. 28 U.S.C. § 2254. The petitioner, George Wayne Peterson, alleges that on February 7, 2006, the Cullman County Circuit Court sentenced him to an indefinite term of imprisonment for civil contempt. Peterson states that the appeal of the contempt decision is currently pending before the Alabama Court of Civil Appeals.

Federal habeas corpus review may be available to challenge the legality of a state court order of civil contempt. *Duncan v. Walker*, 533 U.S. 167, 176 (2001). However, this court has jurisdiction to entertain a habeas corpus petition only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). For a federal court to have subject matter jurisdiction over a habeas proceeding, the petitioner must be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254; *accord Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 1925, 104 L. Ed. 2d 540 (1989). As such, federal courts normally lack jurisdiction over petitions which challenge a conviction with a completely expired sentence. *See White v. Butterworth*, 70 F.3d 573, 574 (11th Cir. 1995), as amended, 78 F.3d 500 (11th Cir. 1996). The mere possibility that an expired conviction might be used to enhance another conviction is insufficient to satisfy the "in custody" requirement of § 2254. *See Fox v. Kelso*, 911 F.2d 563, 567 (11th Cir. 1990).

> A petitioner is "in custody," however, when he is incarcerated under a current sentence that has been enhanced by an expired conviction. *See Van Zant v. Fla. Parole Commn*., 104 F.3d 325, 327 (11th Cir. 1997). In *Fox*, the petitioner was incarcerated for felony convictions, but his petition challenged expired misdemeanor convictions. *See Fox*, 911 F.2d at 567-68. We held that the petitioner was "in custody" for the expired misdemeanor convictions, because they were delaying the date from which the petitioner would receive credit for time served against his felony convictions. *See id.* at 568.

*Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001).

The petition was filed in this court on March 1, 2006. In his petition, Peterson states that he was released from custody on February 21, 2006, and that he is "now at home." Clearly, the petitioner was no longer incarcerated for the civil contempt when he filed his petition. Therefore, this court lacks subject matter jurisdiction over Peterson's challenge to the state court's finding of civil contempt.

Additionally, the court notes that even if it had jurisdiction over the petition, it would be due to be dismissed for failure to exhaust state remedies, because, according to the petitioner, the appeal of the civil contempt finding is still pending in the Alabama Court of Civil Appeals.

The petition is due to be dismissed.

An appropriate order will be entered.

**DONE** this 9th day of March, 2006.

                                            **VIRGINIA EMERSON HOPKINS**
                                            United States District Judge